UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                Criminal Case No. 03-80488
                                                Civil Case No. 07-10821
                                                Honorable Patrick J. Duggan

DANIEL BURCH,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 2, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

In 2005, Defendant Daniel Burch pleaded guilty to and was sentenced on the following counts: bank robbery, carrying a firearm during a crime of violence, and committing an offense while on pretrial release. On February 9, 2007, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He filed an amended motion on March 29, 2007. In his motion, Defendant contends that he was denied the effective assistance of counsel at his 2005 sentencing because his counsel failed to challenge "enhancements" for carjacking and brandishing a firearm. Defendant also contends that he was denied the effective assistance of counsel in pursuing an appeal of his sentence. The Government filed a response to Defendant's motion on June 6, 2007, arguing that

Defendant's claims are untimely.[1]  The Court finds that an evidentiary hearing is not necessary to resolve Defendant's motion and dismisses the motion.

**Factual and Procedural Background[2]**

Defendant's conviction arises from a May 15, 2003 robbery at a TCF Bank in Warren, Michigan.  On that date, Michael Hodges, armed with a Llama 40 caliber, semi-automatic handgun, and Desmond Camp, armed with a Glock 9 mm handgun, entered the bank, brandishing their weapons and ordering the teller to give them money.  The teller complied and Camp and Hodges fled the bank with approximately $2,300 of the bank's money.  Defendant aided and abetted and otherwise assisted Camp and Hodges in the robbery by providing one of the handguns and a mask used during the robbery and by acting as the driver of the get-away car.

The police arrested Camp and Hodges following a short chase.  Defendant initially escaped capture by taking a civilian's truck.  Defendant removed the civilian from the vehicle by motioning with his hand in his pocket as though he was armed.  On the date of

---

[1] Defendant filed a traverse on July 27, 2007, arguing that the Court should not consider the government's response, specifically its defense based on the statute of limitations, because the response was filed more than a month late.  As Defendant acknowledges, however, a court may *sua sponte* raise the statute of limitations to deny a Section 2255 motion.  *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675 (2006).  In any event, the only argument the government raises in its untimely response brief is its statute of limitations defense.  As set forth *infra*, the Court concludes that, even if it considered Petitioner's motion timely filed, the motion fails on the merits.

[2] The facts set forth herein are based upon the facts to which Defendant and the Government agreed in their January 10, 2005 plea agreement.

the robbery, Defendant was on pretrial release for an offense being prosecuted in this Court.

Pursuant to a Superseding Indictment, Defendant was charged with the following: one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count One); one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two); and one count of committing an offense while on pretrial release in violation of 18 U.S.C. § 3147 (Count Five). On January 10, 2005, while represented by attorney Joan Morgan, Defendant entered a plea agreement with the Government. Pursuant to the plea agreement, Defendant pleaded guilty to Counts One, Two, and Three in exchange for, *inter alia*, an agreed sentence within the range of 168 to 179 months. On January 24, 2005, this Court sentenced Defendant to 84 months imprisonment on Count One, a consecutive term of 84 months imprisonment on Count Two, and a consecutive term of one day imprisonment on Count Three.

On November 8, 2006, Defendant filed a *pro se* motion entitled "Motion for Reinstatement of Appeal and for Appointment of Counsel." The motion was docketed as a motion for an extension of time to appeal, as well as a notice of appeal. On November 17, 2006, this Court granted Defendant an extension of time to appeal until November 8, 2006. The Sixth Circuit Court of Appeals thereafter issued a notice directing Defendant to show cause why his appeal should not be dismissed as late. Defendant argued in response that his trial counsel was ineffective because she failed to file a timely notice of appeal on his behalf, despite his requests. Defendant alternatively argued that if the

appellate court rejected his appeal, that his response be referred to the district court as a motion to vacate under 28 U.S.C. § 2255.

On February 5, 2007, the Sixth Circuit issued an order dismissing Defendant's notice of appeal as untimely. *United States v. Burch*, No. 06-2542 (6th Cir. Feb. 5, 2007) (per curiam). In its order, the appellate court directed the clerk to transmit Defendant's response to the show cause order to the district court as Defendant requested. The court, however, expressly reserved its opinion as to the timeliness or merits of Defendant's ineffective assistance of counsel claim.

## Analysis

A one-year period of limitation applies to a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The limitation period runs from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant does not assert that governmental action prevented him

from filing his motion; nor does Defendant assert that his right to relief is premised on a right newly recognized by the Supreme Court. Defendant's motion therefore is timely only if it was filed within one year from the date his judgment of conviction became final or the facts supporting his claims could have been discovered through the exercise of due diligence.

Defendant's judgment of conviction became final on February 11, 2005, upon the expiration of the ten-day period to file an appeal because Defendant failed to file such an appeal or seek authorization for an extension of time to file a notice of appeal. FED. R. APP. P. 4. At his sentencing on January 24, 2005, Defendant was aware that his counsel failed to challenge the "enhancements" for carjacking and brandishing a weapon and, through a phone call to the Sixth Circuit in October 2005, he learned that an appeal in this matter had never been filed on his behalf. (Def.'s Am. Mot., Ex. 1 ¶ 10.) Therefore, at the latest, the one-year limitation period in Section 2255 expired in October 2006, sometime before Defendant filed his November 8, 2006 *pro se* motion for reinstatement of appeal and for appointment of counsel and his subsequent motions specifically invoking 28 U.S.C. § 2255. In any event, there is no merit to Defendant's claims of ineffective assistance of counsel.

First, with respect to his claim that Ms. Morgan was ineffective in failing to file an appeal, Defendant waived his right to appeal in his plea agreement. Paragraph five of the plea agreement provides:

> If the court imposes a sentence equal to or less than the

5

> maximum sentence described in ¶ 2 of this agreement [i.e. 179 months], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

(Dkt. 66.) As indicated previously, this Court sentenced Defendant to a term of imprisonment of 168 months and one day– below the maximum sentence set forth in the plea agreement. The Sixth Circuit has held that a knowing and voluntary waiver of the right to appeal contained in a plea agreement is valid and will preclude the court's review of the merits of an appeal. *United States v. Bazzi*, 94 F.3d 1025, 1028 (1996); *United States v. Allison*, 59 F.3d 43, 46 (1995). There is no indication that Defendant's plea was made without his knowledge and cooperation.

Second, there is no merit to Defendant's claim that Ms. Morgan was ineffective in failing to challenge "enhancements" for carjacking and brandishing a firearm. As an initial matter, such a challenge would have been futile as Defendant specifically stipulated to facts in the plea agreement that supported a carjacking enhancement and any possible enhancement for brandishing a firearm. (Dkt. 66 at 3.) Additionally, there was no guideline enhancement of Defendant's sentence based on the fact that a firearm was brandished during the robbery. Instead, this conduct was an essential element of Defendant's conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)– to which Defendant agreed to plead guilty– for which Defendant faced a statutory minimum seven year sentence.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to vacate sentence is **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Daniel Richard Burch, #31539-039
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

AUSA John N. O'Brien II